IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| MICHAEL DEWAYNE ANDERSON, <br> AIS #156270, <br>     Plaintiff, <br> v. <br> KAY IVEY, et al., <br>     Defendants. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Case No. 2:19-CV-412-WKW-KFP <br> ) <br> ) <br> ) <br> ) |

## **RECOMMENDATION OF THE MAGISTRATE JUDGE**

Michael Dewayne Anderson, an indigent state inmate, initiated this 42 U.S.C. § 1983 action on June 13, 2019. The Court issued an Order outlining the deficiencies in the original Complaint, ordering Anderson to amend the Complaint, and providing detailed instructions on how to do so. Doc. 4 at 1–7. The Court specifically cautioned Anderson that failure to comply with the Order would result in a Recommendation of dismissal. Doc. 4 at 7.

Anderson failed to amend the Complaint by the Court's deadline of December 4, 2019. *See* Doc. 12. Accordingly, the undersigned concludes this case should be dismissed. *Tanner v. Neal*, 232 Fed. App'x 924 (11th Cir. 2007) (affirming *sua sponte* dismissal without prejudice of inmate's § 1983 action for failure to file amended complaint after being warned of consequences); *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989) (holding that, when litigant has been forewarned, dismissal for failure to obey a court order is generally not an abuse of discretion). The authority of courts to impose sanctions for

failure to prosecute or obey an order is longstanding and acknowledged by Rule 41(b) of the Federal Rules of Civil Procedure. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629–30 (1962). This authority empowers courts "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Id*. at 630–31; *Mingo v. Sugar Cane Growers Co-Op of Fla*., 864 F.2d 101, 102 (11th Cir. 1989) (holding that "district court possesses the inherent power to police its docket."). "The sanctions imposed [upon dilatory litigants] can range from a simple reprimand to an order dismissing the action with or without prejudice." *Id*. at 102.

For the above reasons, the undersigned RECOMMENDS dismissal of this case without prejudice for failure to amend the Complaint as ordered by the Court.

It is ORDERED that the parties file any objections to this Recommendation by **October 5, 2020**. A party must specifically identify the factual findings and legal conclusions to which the objection is made. Frivolous, conclusive, or general objections to the Recommendation will not be considered. This Recommendation is not a final order and, therefore, is not appealable.

Failure to file written objections to the Magistrate Judge's findings and recommendations in accordance with 28 U.S.C. § 636(b)(1) will bar a party from a de novo determination by the District Court of legal and factual issues covered in the Recommendation and waives the right to challenge on appeal the District Court's order based on unobjected-to factual and legal conclusions accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677

F.2d 404 (5th Cir. 1982); 11TH CIR. R. 3-1. *See Stein v. Lanning Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982); *see also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981) (en banc).

DONE this 21st day of September, 2020.

/s/ Kelly Fitzgerald Pate
KELLY FITZGERALD PATE
UNITED STATES MAGISTRATE JUDGE